Curia, per
Nott, J.
Previous to the act of 1791, the mortgagee of real estate was considered as having the legal title to the mortgaged property as soon as the time of redemption was passed. The court of equity, however, always considered the property mortgaged in the nature of a pledge only, and would, therefore, allow the mortgagor to redeem within any reasonable time after the pledge was forfeited at law upon his paying up the principal and interest of the debt which it was-intended to secure. This right to redeem had become so completely settled that the mortgagee was never considered as having acquired a complete title until the equity of redemption was released by the party himself or foreclosed in the court of equity. The preamble of the act of 1791, recognizes the equity doctrine of considering the land mortgaged only as a pledge for the purpose of securing the payment of the debt. The first enacting clause authorises the court of common pleas in certain cases to order a sale of the land and thereby bar the equity of redemption. The second section provides that no mortgagee shall be entitled to maintain any possessory action for the real estate mortgaged even after the time allotted for the payment of the money is elapsed, but that the mortgagor shall still be deemed the owner of the land, &c. Then comes the proviso which is the subject of the present discussion, and which is in the following words: Provided always that nothing herein contained shall extend to any suitor action *56 now pending, or where the mortgagor shall be out of possession, &c.” The question is whether this proviso relates to the second section of the act only, or whether it extends to both. When we look to the professed objects of the act, I apprehend that there can be but little doubt that it has reference to all the preceding provisions. The object of the act is to introduce an easier and cheaper mode of foreclosing the equity of redemption than can be afforded by a court of equity. It therefore declares the property mortgaged to be merely a pledge for securing the debt, and that the title shall still continue to be in the mortgagor, even after the time for redemption has elapsed. It then authorises the court of law to order a sale of the land and thereby bar the equity of redemption. The whole subject is so connected that although it is divided into two .sections in the act, it appears to be a division in form more than substance. Then comes the exception, “ That nothing herein contained shall extend to cases where the mortgagor shall be out of possession, &c.” The reason of the exception is obvious. When the mortgagor is out of possession, the right of some third person must be involved, and according to the forms of proceeding in a common law court, such third person could not be a party ; and it would be nugatory to order the sale of a man’s property who was not before the court. For the purchaser would acquire nothing more than a right to bring a possessory action for the land, which is still reserved to the mortgagor by the act. It was intended in such case to leave the party to his remedy in the court of equity, where he might bring all the parties before the court, and by a single operation obtain his money or foreclose the equity of redemption, and to draw from that court only those cases in which the parties could have an ample remedy in a court of law, which could not be had where others than the immediate parties to the contract *57 were concerned. I am of opinion that this is not one of the cases provided for by the act, and that the remedy is in the court of equity only. The order of the court below for the sale of the property must be reversed.
Order for sale reversed.